**EXHIBIT A**

# LAW OFFICES OF JOEL B. RUDIN, P.C.

CARNEGIE HALL TOWER
152 WEST 57TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@rudinlaw.com

JOEL B. RUDIN

HARAN TAE
JACOB "COBY" LOUP
MATTHEW A. WASSERMAN

GEORGE R. GOLTZER
(OF COUNSEL)
SIDURI BECKMAN
(PARALEGAL)

March 8, 2021

**Federal Express and Email (foilunit@queensda.org)**
Queens County District Attorney's Office
125-01 Queens Boulevard
Kew Gardens, New York 11415

    Re:    *Rhian Taylor v. State of New York*
            Claim No. 130027 (Rodriguez-Morick, J.)

Dear Sir or Madam:

This office represents Claimant, Rhian Taylor, in the above-referenced matter.

Enclosed please find a Notice of Motion to Seek Judicial Subpoena Duces Tecum (with attached proposed Judicial Subpoena Duces Tecum) upon the Queens County District Attorney's Office, as well as a copy of the Affirmation in Support of Judicial Subpoena Duces Tecum. We have sent a copy of the enclosed by email to foilunit@queensda.org as well. We intend to submit the motion by fax to the Court of Claims today, with a return date of March 22, 2021.

                                      Very truly yours,

                                      Haran Tae

HT/sb
Encls.

cc:    Giyang An, Esq. (by e-mail)
       Assistant Attorney General

STATE OF NEW YORK
COURT OF CLAIMS

RHIAN TAYLOR,

                Claimant,

-against-

THE STATE OF NEW YORK,

                Defendant.

**NOTICE OF MOTION TO SEEK JUDICIAL SUBPOENA DUCES TECUM**

CLAIM NO. 130027
(Rodriguez-Morick, J.)

TO:   Queens County District Attorney's Office
       125-01 Queens Boulevard
       Kew Gardens, New York 11415

PLEASE TAKE NOTICE, that pursuant to C.P.L.R. § 3101(a)(4), Claimant intends to seek a Judicial Subpoena Duces Tecum signed by the Honorable Jeanette Rodriguez-Morick, of the New York State Court of Claims, 26 Broadway, New York, New York, on the 22nd day of March, 2021, at 9:30 o'clock in the fore noon and at any recessed or adjourned date, for the following:

    1.     The following documents contained within the file of the District Attorney, Queens County ("QDAO") in the matter of *People v. Rhian Taylor*, Ind. No. 475/08 (Queens Cty.):

        a.     Factual material concerning Steffen Alexander, Tyrell Garcia, Omari Lodge, and any other potential defense witness, including, but not limited to, RAP sheets, criminal records, emails, texts, social media posts, telephone records, and documents containing or summarizing their statements to investigators or prosecutors; and

        b.     Factual material in the Memorandum dated February 25, 2008, by ADA Robert Ciesla, entitled "Grand Jury Presentment of *People v. Rhian Taylor*."

    2.     All factual material in records concerning Seprel Turner a/k/a "Dice," "Maybach Dice," or "snowgangdice" contained within the QDAO's files in *People v. Trevor Lucas et al.*, Indictment No. 1659/14 (Sup. Ct. Queens Cty.), including but not limited to social media posts authored by Turner, emails, texts, telephone records, surveillance records, the results of court-ordered electronic surveillance, and statements to investigators or prosecutors.

1

The above records are relevant, material and necessary to the prosecution of this action, and the circumstances or reasons such disclosure is sought or required include, but are not limited to the following:

1. This is an action under the Unjust Conviction Act (Court of Claims Act § 8-b[2]);

2. The QDAO's file possesses unique information about Claimant's arrest and prosecution that is relevant to his claims in this action and which is otherwise unavailable to Claimant;

3. Seprel Turner and Anthony Hilton testified as prosecution witnesses at the first criminal trial of Claimant Rhian Taylor, resulting in his unjust conviction, and Turner testified at Taylor's second criminal trial, resulting in his acquittal. It is likely that Defendant State of New York, in opposition to this Claim, will rely on Turner's and Hilton's present or former testimony (Hilton is now deceased);

4. The QDAO's file on Claimant's prosecution contains a memorandum that, upon information and belief, documents the QDAO's efforts to locate Hilton, the extent of Hilton's refusal to cooperate with the QDAO, and/or Hilton's statements to the QDAO about the underlying shooting;

5. Upon information and belief, the QDAO's case file also contains materials bearing upon the knowledge and credibility of Claimant's alibi witnesses— Steffen Alexander, Tyrell Garcia, and Omari Lodge—and potentially other witnesses who support Claimant's claim of innocence; and

6. Additionally, upon information and belief, the source thereof being the trial testimony of NYPD Lt. Robert Bracero in *People v. Trevor Lucas et al.*, Indictment No. 1659/14 (Sup. Ct. Queens Cty.), the QDAO's *Lucas* file contains records concerning Seprel Turner's membership in, and commission of acts associated with, the "SNOW" gang, a violent gang notorious for committing shootings, distributing drugs, promoting prostitution, and other crimes in the area in Queens in which the shooting underlying Claimant's conviction occurred, and its predecessor the "Chozen Onez." Turner's gang-related activities are relevant not only to his credibility as a witness, but also to the shooting that occurred in Claimant's criminal case as there is evidence it may have been related to the gang activity that Turner was involved in.

Yours, etc.

LAW OFFICES OF JOEL B. RUDIN, P.C.

By: Haran Tae, Esq.
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
htae@rudinlaw.com

*Attorney for Claimant*

DATED:   New York, New York
         March 8, 2021

cc:
Giyang An, Esq.
Assistant Attorney General
Office of the Attorney General
State of New York
28 Liberty Street
New York, New York 10005

*Attorney for Defendant*

STATE OF NEW YORK
COURT OF CLAIMS

RHIAN TAYLOR,

                Claimant,

-against-

THE STATE OF NEW YORK,

                Defendant.

**JUDICIAL SUBPOENA DUCES TECUM**

CLAIM NO. 130027
(Rodriguez-Morick, J.)

To:    Queens County District Attorney's Office
        125-01 Queens Boulevard
        Kew Gardens, NY 11415

GREETINGS:

WE COMMAND YOU that all business and excuses being laid aside, you and each of you attend and appear before the Honorable Jeanette Rodriguez-Morick, of the New York State Court of Claims, 26 Broadway, New York, New York, on the 16th day of April, 2021, at 9:30 o'clock in the fore noon and at any recessed or adjourned date, and that you bring with you:

    1.    The following documents contained within the file of the District Attorney, Queens County ("QDAO") in the matter of *People v. Rhian Taylor*, Ind. No. 475/08 (Queens Cty.):

        a.    Factual material concerning Steffen Alexander, Tyrell Garcia, Omari Lodge, and any other potential defense witness, including, but not limited to, RAP sheets, criminal records, emails, texts, social media posts, telephone records, and documents containing or summarizing their statements to investigators or prosecutors; and

        b.    Factual material in the Memorandum dated February 25, 2008, by ADA Robert Ciesla, entitled "Grand Jury Presentment of *People v. Rhian Taylor*."

    2.    All factual material in records concerning Seprel Turner a/k/a "Dice," "Maybach Dice," or "snowgangdice" contained within the QDAO's files in *People v. Trevor Lucas et al.*, Indictment No. 1659/14 (Sup. Ct. Queens Cty.), including but not limited to social media posts authored by Turner, emails, texts, telephone records, surveillance records, the results of court-ordered electronic surveillance, and statements to investigators or prosecutors.

The above records are relevant, material and necessary to the prosecution of this action, and the circumstances or reasons such disclosure is sought or required include, but are not limited to the following:

1. This is an action under the Unjust Conviction Act (Court of Claims Act § 8-b[2]);

2. The QDAO's file possesses unique information about Claimant's arrest and prosecution that is relevant to his claims in this action and which is otherwise unavailable to Claimant;

3. Seprel Turner and Anthony Hilton testified as prosecution witnesses at the first criminal trial of Claimant Rhian Taylor, resulting in his unjust conviction, and Turner testified at Taylor's second criminal trial, resulting in his acquittal. It is likely that Defendant State of New York, in opposition to this Claim, will rely on Turner's and Hilton's present or former testimony (Hilton is now deceased);

4. The QDAO's file on Claimant's prosecution contains a memorandum that, upon information and belief, documents the QDAO's efforts to locate Hilton, the extent of Hilton's refusal to cooperate with the QDAO, and/or Hilton's statements to the QDAO about the underlying shooting;

5. Upon information and belief, the QDAO's case file also contains materials bearing upon the knowledge and credibility of Claimant's alibi witnesses—Steffen Alexander, Tyrell Garcia, and Omari Lodge—and potentially other witnesses who support Claimant's claim of innocence; and

6. Additionally, upon information and belief, the source thereof being the trial testimony of NYPD Lt. Robert Bracero in *People v. Trevor Lucas et al.*, Indictment No. 1659/14 (Sup. Ct. Queens Cty.), the QDAO's *Lucas* file contains records concerning Seprel Turner's membership in, and commission of acts associated with, the "SNOW" gang, a violent gang notorious for committing shootings, distributing drugs, promoting prostitution, and other crimes in the area in Queens in which the shooting underlying Claimant's conviction occurred, and its predecessor the "Chozen Onez." Turner's gang-related activities are relevant not only to his credibility as a witness, but also to the shooting that occurred in Claimant's criminal case as there is evidence it may have been related to the gang activity that Turner was involved in.

Attached hereto is a release, signed by the Claimant, authorizing the release of these records pursuant to C.P.L. § 160.50.

No personal appearance is required if you deliver such items as specified above on or before April 16, 2021.

Failure to comply with this subpoena is punishable as a contempt of court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason of your failure to comply.

WITNESS, Honorable Jeanette Rodriguez-Morick, one of the Judges of said court, at 26 Broadway, New York, New York on the ___ day of _____, 2021.

LAW OFFICES OF JOEL B. RUDIN, P.C.

By: Haran Tae, Esq.
152 West 57th Street, 8th Floor
New York, New York 10019
(212) 752-7600
htae@rudinlaw.com

*Attorney for Claimant*

DATED: New York, New York
March 8, 2021

SO ORDERED:

_____
JEANETTE RODRIGUEZ-MORICK

3

STATE OF NEW YORK
COURT OF CLAIMS

RHIAN TAYLOR,

        Claimant,

-against-

THE STATE OF NEW YORK,

        Defendant.

**AFFIRMATION IN SUPPORT OF MOTION FOR JUDICIAL SUBPOENA DUCES TECUM**

CLAIM NO. 130027
(Rodriguez-Morick, J.)

HARAN TAE, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms, under penalty of perjury, as follows:

1. I am an attorney in the Law Offices of Joel B. Rudin, P.C., counsel for Claimant, RHIAN TAYLOR. I am fully familiar with the facts and circumstances herein, and make this affirmation in support of my request that the Court issue the enclosed Judicial Subpoena Duces Tecum.

2. This claim arises from the wrongful conviction of Claimant for a shooting murder that he did not commit. Claimant was sentenced to 20 years to life, of which he spent nearly six years in state prison.

3. Claimant was convicted at trial based upon the testimony of two witnesses, Anthony Hilton and Seprel Turner.

4. The enclosed subpoena seeks two specific sets of records from the Queens District Attorney's Office's ("QDAO") file on Claimant's prosecution—a memorandum prepared by the grand jury ADA, and materials concerning Claimant's alibi witnesses.[1] The subpoena also requests materials related to Turner's gang involvement.

---

[1] Claimant learned of the existence of these two specific categories of material during the course of discovery in Claimant's parallel § 1983 federal civil rights lawsuit in the Eastern District of New York. The federal magistrate judge in that case is currently reviewing these materials, among others, *in camera*.

1

5. The credibility, or lack thereof, of Hilton and Turner is crucial to this claim, as they are the only witnesses who claim that Claimant was involved in or committed the shooting.

6. Hilton and Turner initially did not cooperate with law enforcement or the prosecution, and their testimony against Claimant was only obtained after a combination of benefits and coercion was applied by the QDAO. Much of the evidence concerning the witnesses' lack of cooperation, and the lengths to which the QDAO went to obtain their testimony, was never disclosed to Claimant during either his first or second trial.

7. During the course of discovery in the instant litigation, Claimant obtained from the QDAO the subpoenas and material witness applications and orders concerning these two witnesses. These records revealed that, prior to the grand jury, the QDAO had subpoenaed Turner four times, and the NYPD had attempted to unsuccessfully contact Turner more than a dozen times, before the QDAO obtained a material witness order. The material witness application further noted that Turner and his family members had explicitly told members of the NYPD that he would not cooperate with the investigation into the shooting.

8. Despite the material witness order, the QDAO was ultimately unable to locate Turner prior to the grand jury.

9. The QDAO also sought and obtained a material witness order for Hilton.

10. While Claimant's defense counsel was aware that Hilton had been brought in for the grand jury pursuant to a material witness order, Claimant learned for the very first time, during the deposition of Claimant's trial prosecutor in this instant lawsuit, the existence of, and circumstances surrounding, a material witness hearing involving Hilton that immediately preceded his testimony against Claimant in the grand jury.

11. Undersigned counsel thereafter ordered the transcript for the material witness hearing, which revealed that Hilton stated he had only "heard" what happened and had already told the QDAO "everything." This contradicted Hilton's grand jury and trial testimony that he had seen the shooting and that Claimant had committed it.

12. Queens County ADA Robert Ciesla, who had applied for the material witness order and who later presented Hilton before the grand jury, informed the justice presiding over the material witness hearing that he and Hilton had previously spoken and that Hilton had refused to testify.

13. Hilton himself also told the material witness hearing judge that he would not testify, and would rather have bail set and go to jail. The judge then set $25,000 bail and ordered Hilton to be detained while an attorney was located for him.

14. Hilton changed his mind while being detained, and to avoid being incarcerated at Rikers Island, agreed to enter the QDAO's "custody" and testify before the grand jury.

15. Even after telling the judge that he would cooperate, Hilton stated that he still had "doubts in [his] head."

16. Hilton was the only eyewitness to testify against Claimant in the grand jury.

17. Claimant's subpoena seeks disclosure of a memorandum prepared by ADA Robert Ciesla, which, upon information and belief, the basis for which is a privilege log provided in connection with Claimant's parallel federal lawsuit, is dated February 25, 2008 (a month-and-a-half before the grand jury), and entitled "Grand Jury Presentment of People v. Rhian Taylor."

18. Based on ADA Ciesla's preparation of the material witness application and the statements contained within, and his reference to prior conversations with Hilton at the material witness hearing, Claimant has a good faith basis to believe that the memorandum contains

factual information about the QDAO's efforts to locate Hilton, the extent of Hilton's refusal to cooperate with the QDAO, and/or Hilton's statements to ADA Ciesla about the underlying shooting. Claimant is entitled to this information because it goes to the reliability and credibility of Hilton's accusations against Claimant.

19. Claimant does not seek any opinion work product contained within the memorandum.

20. Neither CPL 190.25 nor PL 215.70 applies as this memorandum was prepared *prior* to the grand jury and the grand jury secrecy privilege only extends to the actual proceedings.

21. Claimant's subpoena also calls for the production of records concerning Claimant's alibi witnesses, or any other potential defense witness, contained within Claimant's prosecution file. Claimant's alibi witnesses—Steffen Alexander, Tyrell Garcia, and Omari Lodge—will testify at trial in support of Claimant's claim of innocence, and the Attorney General's Office has indicated it intends to take their depositions. The DA's Office also may have interviewed other witnesses who support Claimant's claim of innocence. Claimant is thus entitled to any materials that contain these witnesses' statements or that may impeach their credibility.

22. Finally, Claimant's subpoena also requests records concerning prosecution witness Seprel Turner's involvement with the "SNOW" gang, a gang notorious for gun violence, and known to the NYPD to operate in the area of Queens, New York, where the shooting underlying Claimant's prosecution took place.

23. Claimant learned, for the first time, during depositions in this matter that the case detective and trial prosecutor were informed that Turner was a leader of the "SNOW" gang.

4

24. In investigating this new information, Claimant's counsel has also learned that, in November 2012, the NYPD 113th Precinct created a Strategic Enforcement Team ("SET") to investigate the "SNOW" gang. One of the supervisors of that team, a Lt. Robert Bracero, testified at a 2015 trial prosecuted by the QDAO against several "SNOW" gang members.

25. During that trial, *People v. Trevor Lucas, et al.*, Ind. No. 1659/14 (Sup. Ct. Queens Cty.), Lt. Bracero testified that Turner had been an early member of the "SNOW" gang and its predecessor, "The Chosen Onez." He further testified that much of the information SET had gathered about the "SNOW" gang was through Turner's social media posts.

26. The QDAO sought to introduce Turner's social media posts as exhibits at the trial in *People v. Trevor Lucas, et al.*

27. Upon information and belief, therefore, the QDAO's file on the *Lucas et al.* prosecution contains information about Turner's membership in, or activities concerning, the "SNOW" gang or its predecessor gang, "The Chosen Onez."

28. Claimant should be permitted to subpoena this material as it is directly relevant to the issue of Claimant's guilt or innocence and Turner's credibility.

29. Turner is one of only two witnesses who identified Claimant as the shooter, and his credibility will be paramount at a trial in this matter.

30. Police reports from Claimant's criminal case indicate that the shooting may have been gang-motivated—Wayne Peacock, who was sitting next to the deceased victim when the shooting occurred and who was non-fatally shot, told the police that the victim had gotten into a dispute with members of a gang shortly earlier in the evening before the shooting.

31. Materials concerning Turner's gang involvement and any acts associated with a gang are thus relevant not only to impeach Turner's general credibility, but are also evidence of an alternative reason for the murder, and directly relevant to Turner's motive to lie.

32. For the reasons above, Claimant respectfully requests that this court so-order Claimant's subpoena.

33. Under the broad disclosure rules—even as to nonparties—of the CPLR, Claimant is entitled to this disclosure.

34. The discovery sought by this subpoena duces tecum is in the possession, custody, or control of the QDAO, and the QDAO is either the sole or best source for this discovery.

35. The discovery requested is also material and necessary to Claimant's prosecution of this action, as they bear on Claimant's innocence and the credibility of the only two alleged eyewitnesses who identified Claimant as the shooter.

WHEREFORE, Claimant Rhian Taylor respectfully requests that this Court so-order the enclosed subpoena duces tecum addressed to the QDAO.

_____
HARAN TAE, ESQ.

AFFIRMED: New York, New York
March 8, 2021